11945/LLS, KNL     10/03/06     P:\Case Files\11945\pldgs\pet_remove_amended_complaint.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

MICHAEL VANDERPLOEG,

        Plaintiff,

v.

VILLAGE OF MERRIONETTE PARK,
DENNIS M. MAGEE, Mayor, ROBERT F.
STEVENS, Chief of Police, RON
HEVERNAN, HARRIET LENTZ, KELLY
WHITE, JOHN DUFFY, TOM ECKERT,
and JOHN BONNEMA, Trustees of
Merrionette Park,

        Defendants.

06CV5560
JUDGE DARRAH
MAGISTRATE JUDGE SCHENKIER

Court No.

FILED
OCT 1 3 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF REMOVAL

TO:    The Judges of the United States District Court
for the Northern District of Illinois,
Eastern Division

NOW COMES your petitioner, the VILLAGE OF MERRIONETTE PARK, by and through its attorneys, DeANO & SCARRY, and respectfully petition this Court as follows:

**Exhibit A – First Amended Complaint for Relief**

1.       Your petitioner, the VILLAGE OF MERRIONETTE PARK, is a Defendant in a civil action brought in the Circuit Court of Cook County, Illinois, entitled <u>Michael Vanderploeg v. Village of Merionette Park [sic], et al.</u>, No. 05 CH 16485. The individually named defendants have not been served.

2. The Plaintiff filed his original Complaint on September 27, 2005, and filed his First Amended Complaint for Relief on September 14, 2006, alleging that the Village of Merrionette Park deprived of a protected liberty interest under the Due Process Clause of the Fourteenth Amendment. This Petition for Removal is therefore timely filed within thirty days of service upon the defendant of that complaint. See 28 U.S.C. § 1446(b).

3. This Court has original jurisdiction over this matter because Plaintiff purports to bring an action under the Due Process Clause of the Fourteenth Amendment. See 28 U.S.C. §§ 1331; 1441(b).

4. As of the filing date of this Petition for Removal, no pleadings have been filed since Plaintiff filed his First Amended Complaint for Relief.

WHEREFORE, the petitioner prays that the above action now pending in the Circuit Court of Cook County, Illinois, No. 05 CH 16485, be removed to this Honorable Court for disposition.

Respectfully submitted,

DeANO & SCARRY

By: *Laura R. Scarry* (signature)

Laura L. Scarry

DeANO & SCARRY
2100 Manchester Road
Suite A 101
Wheaton, Illinois 60187
(630) 690-2800
Attorney No. 6231266

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MICHAEL VANDERPLOEG,<br>    Plaintiff,<br>v.<br>VILLAGE OF MERIONETTE PARK,<br>DENNIS M. MAGEE, Mayor,<br>ROBERT F. STEVENS, Chief of Police,<br>RON HEVERNAN, HARRIET LENTZ,<br>KELLY WHITE, JOHN DUFFY,<br>TOM ECKERT, and JOHN<br>BONNEMA, Trustees of<br>Merrionette Park,<br>    Defendants. | Case No. 05 CH 16485 |

## FIRST AMENDED COMPLAINT FOR RELIEF

NOW COMES Michael Vanderploeg, Plaintiff, by and through his attorneys, Carl M. Walsh and Lonny Ben Ogus, and Moves this Court for an Order granting him certain relief and for his Amended Complaint states:

1. Plaintiff Michael Vanderploeg was at all times relevant to this Complaint a full time, non-probationary, Police Officer of the Village of Merrionette Park, and had been so for about fifteen (15) years.

2. Defendant Village of Merrionette Park is a Village incorporated under the laws of the State of Illinois. Defendant Dennis M. Magee was the Mayor of the Village at all relevant times. Robert F. Stevens was the Chief of Police for the Village. Ron Hevernan, Harriet Lentz, Kelly White, John Duffy, Tom Eckert, and John Bonnema were the duly authorized Trustees of the Village.

3. Vanderploeg was a Police Officer of the Village for about 15 years and had a reasonable expectation that his employment would continue.



EXHIBIT A

4. The Village has enacted rules and policies as to the termination and discipline of its employees, and has disseminated those rules and policies.

5. Those rules applied to Vanderploeg as a Police Officer of the Village.

6. In 2005 the Village brought disciplinary charges against Vanderploeg and began proceedings to terminate him.

7. In 2005 the Village did terminate Vanderploeg from his employment.

8. During the proceedings Vanderploeg was not given proper due process in the proceedings that lead to his termination.

9. Vanderploeg, as a Village of Merrionette Park Police Officer, has a Fourteenth Amendment protected liberty interest in clearing his name before any adverse employment decisions, and as such he must be afforded an opportunity for a hearing before termination.

10. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential, the Municipality's failure to do so is a violation of his protected liberty interest under the Due Process Clause of the Fourteenth Amendment. Vanderploeg has been accused of an act that is slanderous to his good name, reputation, honor and integrity, and therefore has a right to defend himself against such allegations at a hearing before termination.

11. Vanderploeg repeatedly made requests to the Village that he be given a full hearing, with all of his lawful rights, including the right to confront his accusers, and to cross-examine them, and that they be required to testify under oath.

12. Vanderploeg was not given a hearing, he did not have a chance to confront his accusers, he was not allowed to cross-examine his accusers, and those accusers did not testify under oath.

13. Since his termination Plaintiff has not received his salary or any benefits from the Defendant.

WHEREFORE Plaintiff respectfully requests that this Court dismiss all prior disciplinary proceedings taken against him, and enter an Order that the Defendants provide him with a Hearing that fully comports with the Constitutions of Illinois and the United States, providing the right to clear his name, the right to confront and cross examine his accusers and the right to require that they testify under oath before any determination may be made on his employment status, and that until that occurs that Plaintiff be reinstated to his position and be paid his regular salary, and that he be awarded costs of this suit.

_____
Attorney for Plaintiff Michael Vanderploeg

LONNY BEN OGUS (#24693)
CARL M. WALSH (#20512)
39 S. LaSalle St. – Suite 1400
Chicago, Ill. 60603
(312) 332-7374

3