

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL VANDERPLOEG, | ) |
| Plaintiff, | ) |
| v. | ) No. 06 C 5560 |
| | ) Judge John W. Darrah |
| VILLAGE OF MERRIONETTE PARK; DENNIS M. MAGEE, Mayor; ROBERT F. STEVENS, Chief of Police; RON HEVERNAN; HARRIET LENTZ; KELLY WHITE; JOHN DUFFY; TOM ECKERT; and JOHN BONNEMA, Trustees of Merrionette Park, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Vanderploeg, filed suit against Defendants, alleging a violation of his protected liberty interest under the Due Process Clause of the Fourteenth Amendment. Presently before the Court is Defendants' Motion to Dismiss.

A reading of the First Amended Complaint supports the following summary of the alleged operative conduct of the parties.

The Village of Merrionette Park ("the Village") is incorporated under the laws of the State of Illinois. Dennis M. Magee was the Mayor of the Village, and Robert F. Stevens was the Chief of Police for the Village. Ron Hevernan, Harriet Lentz, Kelly White, John Duffy, Tom Eckert, and John Bonnema were the duly authorized Trustees of the Village.

Vanderploeg was a full-time, non-probationary Police Officer of the Village. Vanderploeg was employed in this capacity for fifteen years and expected that his employment

would continue. All rules and policies the Village enacted regarding the termination and discipline of its employees were disseminated and applied to Vanderploeg.

In 2005, the Village brought disciplinary charges against Vanderploeg and began proceedings to terminate him. During the proceedings, Vanderploeg was not afforded an opportunity for a hearing before his termination. Vanderploeg repeatedly made requests to the Village that he be given a full hearing in order to confront his accusers, cross-examine them while under oath, and defend himself against accusations that were slanderous to his good name, reputation, honor, and integrity. Later that year, the Village terminated Vanderploeg's employment.

Vanderploeg was not given a hearing and, since his termination, has not received his salary or any employment benefits from the Village.

In reviewing a motion to dismiss, the court considers all facts in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to

prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

Defendants argue that Vanderploeg's due process claim should be dismissed because his First Amended Complaint lacks the essential elements necessary to state a claim for depravation of a protected liberty interest under the Due Process Clause of the Fourteenth Amendment. Specifically, Defendants argue that Vanderploeg's First Amended Complaint lacks allegations that he was stigmatized by the Defendants decision to terminate his employment, Defendants publicly disclosed information about him, and he suffered tangible loss of other employment opportunities as a result of the public disclosure. However, Vanderploeg need not plead specifics or the elements of his claim. *See Kolupa*, 438 F.3d at 713 ("It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate."). Accordingly, Vanderploeg has sufficiently pled deprivation of a protected liberty interest under the Due Process Clause of the Fourteenth Amendment.

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: February 8, 2007

JOHN W. DARRAH
United States District Court Judge